NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0105n.06

No. 12-1377

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | **FILED**<br>*Jan 30, 2013*<br>DEBORAH S. HUNT, Clerk |
| Plaintiff-Appellee, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| MICHAEL ALLEN MOORE, | ) | |
| Defendant-Appellant. | ) | |

Before: SUHRHEINRICH, MOORE, and GIBBONS, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Michael Allen Moore pled guilty without a plea agreement to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At the time he possessed the firearm, he was on parole for a state conviction. The district court sentenced Moore to a within-Guidelines sentence of fifty-seven months, expressing its intent that Moore's federal sentence run partially consecutive to any sentence that the state of Michigan may impose for his parole violation. Moore timely filed this appeal, alleging that his sentence is procedurally unreasonable because the district court failed to acknowledge its discretion to impose a federal sentence concurrent to any yet-to-be-imposed state sentence on his parole revocation. Moore also claims that his sentence is substantively unreasonable because the district court failed to account for the potential duration of any parole revocation sentence the state court may impose.

-1-

Because Moore has not demonstrated that his sentence is procedurally or substantively unreasonable, we affirm the judgment of the district court.

**I.**

On June 28, 2011, Grand Rapids police officers saw Moore leaving a house suspected of harboring prostitutes. Moore initially cooperated with the officers and agreed to a search of his person. However, as the officers began to conduct the search, Moore fled. Moore eventually tripped and fell, allowing the officers to restrain him. A search of Moore's person led to the discovery of ammunition. Scanning the area nearby, officers found a pistol. During his presentence interview, Moore claimed to have purchased the weapon on the street. Prior to possessing this firearm and ammunition, Moore had been convicted in Michigan of felony assault. As a result of this incident, the state of Michigan charged Moore with a parole violation and petitioned to revoke his parole.

On September 28, 2011, before the state of Michigan had taken any action on his parole violation, Moore was indicted in federal court for being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Moore pled guilty to the indictment without a plea agreement. At his sentencing hearing, the district court calculated Moore's Guidelines range as fifty-seven to seventy-one months. Moore argued that the district court had discretion to impose the federal sentence concurrent to the yet-to-be-imposed state sentence. The government responded that the district court lacked this authority because no state sentence had yet been imposed. The district court concluded that it did possess the discretion to run Moore's federal sentence concurrent or consecutive to his potential, yet-to-be-imposed state sentence, ultimately sentencing Moore to a within-Guidelines sentence of fifty-seven months. In its judgment, the district court provided that:

> The Court expressly intends that the BOP credit against the (57) months all the time defendant has been in either state or federal custody on this matter from the date of arrest on June 28, 2011, up to and including the day on which the State of Michigan actually decides whether to revoke defendant's state parole and return defendant to State custody. After the date of the state decision, the Court intends that the BOP credit to the defendant's federal sentence only the time defendant spends in federal custody; however, the Court intends that any such federal custodial time following the state's decision of parole be credited in favor of defendant on the federal sentence even if the State for its own purposes also chooses to credit the time against any state imposed sentence.

## II.

Generally, a district court's decision to impose a consecutive or concurrent sentence is reviewed for an abuse of discretion. *Setser v. United States*, 132 S. Ct. 1463, 1472–73 (2012). However, when "defense counsel does not object with a reasonable degree of specificity to a purported procedural error, a plain error standard of review applies." *United States v. Gibbs*, 626 F.3d 344, 349 (6th Cir. 2010). Here, at the conclusion of the sentencing hearing, the district court asked if the parties had any legal objections to the sentence imposed. Both parties responded that they did not. The government argues that this failure to object to the procedural component of the district court's discretion to impose a concurrent sentence requires this court to apply plain error review, citing to *Gibbs*. However, Moore's counsel argued his procedural point before the court imposed its sentence, noting that "the Court . . . has the right to make this sentence run concurrently," and that "the Court has available to it the right to make the sentence that it believes is appropriate under the circumstances and have that run concurrent as long as there's a reasonable basis to do so." Therefore, we view both objections as having been raised with particularity at sentencing and review them both for abuse of discretion. *See United States v. Bostic*, 371 F.3d 865,

871 n. 3 (6th Cir. 2004) (quoting Federal Rule of Criminal Procedure 51(b)'s requirement that "[a] party may preserve a claim of error by informing the court—when the court ruling or order is made *or sought*—of the action the party wishes the court to take, or the party's objection to the court's action and the grounds for that objection." (emphasis in *Bostic*)); *United States v. Vonner*, 516 F.3d 382, 386 (6th Cir. 2008) (*en banc*) (holding that answering "no" to the court's *Bostic* request for remaining objections does not alter a defendant's right to appeal issues "previously raised").

## III.

Moore argues that the district court abused its discretion by failing "to find definitively" that it had the discretion to fashion either a concurrent or a consecutive sentence, noting that the district court articulated that it had "to honor the statutory restrictions that Congress imposes." However, Moore takes the district court's comments out of context, ignoring its subsequent admonition that "within [the statutory restrictions] there's a great ocean almost of discretion that the Court has to be mindful of." Throughout Moore's sentencing hearing, the district court frequently recognized its discretion, despite the government's argument that it lacked such discretion. For example, the district court noted that "ultimately under Section 3553 and the world of sentencing that we're in today, the fundamental point for the Court is one of discretion, whether the guidelines call for something or not." Therefore, we hold that Moore's sentence is procedurally reasonable, given that the district court properly recognized its discretion to fashion a consecutive or concurrent sentence.

## IV.

Moore next argues that the district court erred in ordering that his within-Guidelines sentence run partially consecutive to any yet-to-be-imposed state sentence on his parole violation. However,

he concedes in his brief that section 5G1.3 of the Sentencing Guidelines provides advisory recommendations on whether sentences should run consecutively or concurrently and that the district court may exercise its discretion in determining which type of sentence is appropriate in a given case.[1]

Sentences imposed within the advisory Guidelines range—as this one was—are entitled to a rebuttable presumption of reasonableness on appeal, and this court will not overturn a sentence "just because it believes that another sentence would be appropriate." *United States v. Young*, 553 F.3d 1035, 1055 (6th Cir. 2009); *see also United States v. Lyles*, Nos. 11-5774, 11-5818, 2012 WL 5907483, at *11 (6th Cir. Nov. 26, 2012) (noting the court's inability to locate a case in which a defendant successfully rebutted the reasonableness of a within-Guidelines sentence). Moore has provided no reason to persuade us that his sentence is substantively unreasonable. His argument on the issue is simply that the district court had discretion to impose a concurrent sentence and that, in choosing a consecutive sentence, the court failed to consider the potential duration of Moore's yet-to-be-imposed parole revocation sentence.

---

[1]United States Sentencing Guidelines section 5G1.3(c) provides:

*Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment*

(c) (Policy Statement) In any other case involving an undischarged term of imprisonment, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

At the time of Moore's sentencing, *Setser v. United States*, 132 S. Ct. 1463 (2012), was pending in the Supreme Court. In *Setser*, the Supreme Court confirmed that federal district courts have the authority and discretion to order that a federal sentence run consecutively to an anticipated but yet-to-be-imposed state sentence. 132 S.Ct. at 1472. The *Setser* Court continued by noting that a sentence cannot be deemed substantively unreasonable because of information unavailable at the time of sentencing. *See id.* at 1472–73. During Moore's sentencing hearing, the district court recognized that its choice of a consecutive or concurrent sentence was discretionary. It then went on to exercise that discretion, rejecting a fully concurrent sentence:

> I don't think fully concurrent in the way that [defense counsel] means it, which would count any state time he serves in the future after a revocation that gets federal time too, I don't think that's appropriate. And I don't think it's appropriate for the general policy reasons that undergird other aspects of the guideline[s], not just the 5G1.3 but also the supervised release commentary, which is a policy statement I think, that you need to have incremental punishment when there's a supervision violation and a new offense. And I think that's generally true. And I think that's appropriate here too. There needs to be incremental punishment. And this creates the opportunity for that, albeit leaving that final decision in the state hands because they are the people who have the supervision issue.

Although Moore takes issue with the court's failure to consider the potential duration of any parole revocation sentence, his argument ignores the fact that the state court in Moore's case had the option of continuing Moore on parole, reinstating an old term of imprisonment, or imposing a new term of imprisonment. The district court considered that any of these options would be available in subsequent state court proceedings, but it could not have considered the "duration" of a hypothetical sentence in fashioning Moore's federal sentence. Its failure to do so, therefore, does not render Moore's sentence substantively unreasonable.

Given the strength of the rebuttable presumption, and Moore's failure to identify factors available to the district court at the time of sentencing that the district court failed to consider, we hold that Moore's sentence is substantively reasonable.

**V.**

Accordingly, we affirm the district court's judgment.