15-3449
*United States v. Olmeda*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

————————

August Term, 2017

(Submitted: February 28, 2018      Decided: June 22, 2018)

Docket No. 15-3449

————————

UNITED STATES OF AMERICA,

*Appellee,*

—v.—

ANTONIO OLMEDA,

*Defendant-Appellant.*

————————

B e f o r e:

KATZMANN, *Chief Judge*, LEVAL, *Circuit Judge*, and CARTER, *District Judge.*[*]

————————

Defendant-Appellant Antonio Olmeda was sentenced to 151 months' imprisonment for various firearms offenses. He received a four-level sentence enhancement for related felony offenses that were pending in state court at the time of the federal sentencing. Olmeda argues that under U.S.S.G. § 5G1.3(c),

————————————

[*] Judge Andrew L. Carter, of the United States District Court for the Southern District of New York, sitting by designation.

which instructs that a federal sentence "shall . . . run concurrently" to "a state term of imprisonment [that] is anticipated to result from another offense that is relevant conduct to the instant offense of conviction," the district court erred by not ordering that his federal sentence run concurrent to any ensuing state sentence. We hold that Section 5G1.3(c) applies where state charges for relevant conduct are pending at the time of the federal sentencing. Because the district court did not ultimately address Olmeda's request for a concurrent sentence, we REMAND with instructions for the district court to vacate the sentence and resentence in a manner consistent with this opinion.

———————————

Shane T. Stansbury and Sarah K. Eddy, Assistant United States Attorneys, for Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY, *for Appellee*.

Antonio Olmeda, *pro se*, Dannemora, NY, *for Defendant-Appellant*.

———————————

PER CURIAM:

Defendant-Appellant, Antonio Olmeda, who was convicted of multiple firearm offenses, appeals his 151-month sentence. He argues that the district court (Berman, *J.*) erred by not ordering that his federal sentence run concurrent to any sentence that ensued from then-pending state charges. In support, Olmeda cites U.S.S.G. § 5G1.3(c) of the Federal Sentencing Guidelines, which instructs that a federal sentence "shall be imposed to run concurrently" to "a state term of imprisonment [that] is anticipated to result from another offense

2

that is relevant conduct to the instant offense of conviction." This Court has not addressed when "a term of imprisonment is anticipated" under Section 5G1.3(c). We now hold that Section 5G1.3(c) applies where state charges are pending—but have not yet been the subject of a trial or a guilty plea—at the time of the federal sentencing. In doing so, we do not fault the district court for not foreseeing what we hold today.

In this case, Olmeda not only faced state charges for relevant conduct at the time of his federal sentencing, but also received a substantial federal sentencing enhancement because of those pending charges. There is no indication in the record that the district court considered Section 5G1.3(c)'s policy statement when imposing the final sentence, and, because the state charges significantly increased Olmeda's Guidelines range, we cannot be confident that the district court would have imposed the same sentence had it done so. Accordingly, we REMAND with instructions for the district court to vacate the sentence and resentence in a manner consistent with this opinion.[1]

---

[1] A summary order issued simultaneously with this opinion addresses the balance of Olmeda's claims on appeal.

## BACKGROUND

In December 2011, New York authorities arrested Olmeda for attempted murder, attempted assault on a police officer with a deadly weapon, attempted assault, and criminal possession of a weapon. All these charges related to an altercation with New York police officers the prior week. At the time of the arrest, Olmeda had two firearms in his possession. Later searches of his home and storage locker revealed a cache of over 20 additional firearms.

In August 2013, while state proceedings were ongoing, a federal grand jury returned a six-count indictment against Olmeda. It charged three counts of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1), and three counts of possession of unregistered firearms, in violation of 26 U.S.C. §§ 5845, 5861(d). Later that month, Olmeda was transferred to federal custody. Olmeda waived his right to counsel and pleaded guilty to the six federal counts in October 2014.

At the federal sentencing, the government argued that Olmeda should receive a four-level enhancement under U.S.S.G. § 2K2.1(b)(6) because he used one of the firearms in connection with another felony offense—the altercation

with the New York police officers at issue in the state charges (the "relevant conduct enhancement"). Olmeda opposed that enhancement. He also asked the district court to direct that his federal sentence be served concurrently with any term of imprisonment for the pending state charges pursuant to U.S.S.G. § 5G1.3.

In the first of five sentencing hearings, the district court initially rejected the four-level relevant conduct enhancement, explaining that the "state charges are proceeding on one path and these federal charges are proceeding on another path." D. Ct. Dkt. No. 79 at 22. Likewise, the court declined to order a concurrent sentence, explaining, "[t]here is no sentence. Indeed, there is no conviction yet in the state case. So this federal sentence stands on its own today and what happens in state court will be up to the state court." D. Ct. Dkt. No. 79 at 17–18. Under this approach, the court calculated a Guidelines range of 78 to 97 months. The government objected to the district court's decision not to apply the enhancement and requested a *Fatico* hearing so that it could prove the facts supporting the four-level increase.

The *Fatico* hearing was held in July 2015. After the hearing, the district court concluded that the government had proven the state offenses at issue in the

relevant conduct enhancement by a preponderance of the evidence. Thus, at the final sentencing hearing, which occurred in October 2015, the district court applied the associated four-level increase and calculated a Guidelines range of 121 to 151 months. The district court briefly inquired as to the status of the state proceedings and was informed that Olmeda had not yet been convicted. The district court did not revisit Olmeda's request that his federal sentence be served concurrent with any forthcoming state sentence. After addressing Olmeda's other objections, the district court sentenced him to 151 months. This appeal timely followed.

## DISCUSSION

### I.    Standard of Review

The proper interpretation of the Guidelines is a question of law subject to *de novo* review. *United States v. Lisyansky*, 806 F.3d 706, 709 (2d Cir. 2015) (per curiam). The substantive and procedural reasonableness of a particular sentence is reviewed under an abuse-of-discretion standard. *United States v. Johnson*, 567 F.3d 40, 51 (2d Cir. 2009).

6

## II. Application of Section 5G1.3(c)

On appeal, Olmeda—still proceeding *pro se*—argues that because of the New York charges pending at the time of his federal sentencing, U.S.S.G. § 5G1.3(c)'s policy statement regarding "anticipated" state sentences applied. For that reason, he contends, the district court erred by not ordering that his federal sentence run concurrent with any ensuing state sentence. We begin by addressing whether Olmeda is correct that U.S.S.G. § 5G1.3(c) applies when state charges are pending but a defendant has not yet been convicted.

### A.    "Anticipated" State Sentence

Sentencing is "a matter of discretion traditionally committed to the Judiciary." *Setser v. United States*, 566 U.S. 231, 236 (2012). When multiple sentences are imposed simultaneously, or a prior sentence has already been imposed, including in state proceedings, "[j]udges have long been understood to have discretion to select whether the sentences they impose will run concurrently or consecutively." *Id*. Where a state sentence has not yet been imposed, views about judicial authority have been more dynamic.

7

Although courts had long held that a federal judge's authority to impose a concurrent or consecutive sentence "may be exercised regardless of whether the state sentence has yet been imposed," *Salley v. United States*, 786 F.2d 546, 547 (2d Cir. 1986), passage of the Sentencing Reform Act generated uncertainty about this traditional view. That statute, which went into effect in 1987, explains that sentences "may run concurrently or consecutively" when "multiple terms or imprisonment are imposed . . . at the same time" or "if a term of imprisonment is imposed on a defendant who is already subject to an undischarged term of imprisonment." 18 U.S.C. § 3584(a). Because Section 3584(a) did not address defendants who were sentenced in federal court when "the state court had not yet imposed any prison term on the then-pending state charge," we later concluded that district courts no longer had authority to order that the federal sentence run consecutively to an expected state sentence. *United States v. Donoso*, 521 F.3d 144, 149 (2d Cir. 2008) (per curiam).

A few years later, the Supreme Court took up the issue in *Setser v. United States*. There a defendant whose federal sentence was ordered to be served consecutive to the sentence associated with then-pending state charges argued—

8

consistent with *Donoso*—that the sentence violated Section 3584(a). Concluding

that "nothing in the Sentencing Reform Act, or in any other provision of law, . . .

show[s] that Congress foreclosed the exercise of district courts' sentencing

discretion in these circumstances," the Court held that district courts retained

discretion to order that a federal sentence run consecutively (or concurrently)

"where a federal judge anticipates a state sentence that has not yet been

imposed." 566 U.S. at 236–37.

In the wake of *Setser*, the United States Sentencing Commission amended

U.S.S.G. § 5G1.3 by adding subsection (c)—the provision at issue here. This

provision states, "If . . . a state term of imprisonment is anticipated to result from

another offense that is relevant conduct to the instant offense of conviction . . . ,

the sentence for the instant offense shall be imposed to run concurrently to the

anticipated term of imprisonment." U.S.S.G. § 5G1.3(c). According to the

accompanying commentary,

> This amendment is a . . . response to the Supreme Court's decision in
> *Setser* . . . . [It] reflects the Commission's determination that the
> concurrent sentence benefits of subsection (b) of § 5G1.3 should be
> available not only in cases in which the state sentence has already
> been imposed at the time of federal sentencing (as subsection (b)
> provides), but also in cases in which the state sentence

> is anticipated but has not yet been imposed . . . . By requiring courts to impose a concurrent sentence in these cases, the amendment reduces disparities between defendants whose state sentences have already been imposed and those whose state sentences have not yet been imposed.

U.S.S.G. § 5G1.3, Historical Notes, 2014 Amendments.

Although Section 5G1.3(c) does not define the word "anticipated," we understand this term to bear the same meaning it had in *Setser*, the genesis for the amendment. It follows that an "anticipated" state sentence must, at minimum, encompass sentences associated with state charges for relevant conduct that are pending at the time of a defendant's federal sentencing. *Cf. United States v. Looney*, 606 F. App'x 744, 748 (5th Cir. 2015) (per curiam) (holding that "the district court has the discretion to impose a sentence concurrent with a future state sentence when state charges are pending against the defendant"); *see also United States v. Tysor*, 670 F. App'x 185, 186–87 (4th Cir. 2016) (per curiam) (recognizing that a district court can order that a federal sentence be served concurrent with any sentence ensuing from pending state charges).

### B.    The District Court's Ruling

Under the foregoing interpretation, Section 5G1.3(c) squarely applied to Olmeda's federal sentencing.[2] A "state term of imprisonment [was] anticipated to result" from the pending New York charges, and the Revised Pre-Sentence Report acknowledged that the state charges were "relevant conduct to the instant offense of conviction" under U.S.S.G. § 1B1.3(a)(1). Indeed, the state offenses were not simply relevant, they formed the basis for the four-level enhancement that increased Olmeda's Guidelines range by over fifty percent.

Because Section 5G1.3(c) was a "pertinent Sentencing Commission policy statement," the district court was required to "take [it] into account." *United States v. Cavera*, 550 F.3d 180, 188–89 (2d Cir. 2008) (en banc) (citing 18 U.S.C. § 3553(a)(5)). But, the district court's only reference to Olmeda's request for a concurrent sentence was superseded by subsequent events. At the first

---

[2] The government initially argued that Section 5G1.3(c) did not apply to Olmeda because his guilt for the state offenses had not been established when his federal sentence was imposed. However, after being ordered to provide supplemental briefing on this question, it now concedes that "an 'anticipated' state sentence includes a sentence expected to follow upon state charges of which the defendant has not yet been convicted." Gov. Supp. Br. at 1.

11

sentencing hearing, when the district court declined the request, the court viewed the "state charges [as] proceeding on one path [while] these federal charges are proceeding on another path." D. Ct. Dkt. No. 79 at 22. When the district court later reversed course and decided to apply the relevant conduct enhancement, these paths converged. Yet, the district court did not revisit Olmeda's request for a concurrent sentence. Because the district courts must "remain cognizant of [the Guidelines] throughout the sentencing process," *Gall v. United States*, 552 U.S. 38, 50 n.6 (2007), this was akin to the district court not recalculating the defendant's Guidelines range, *Cavera*, 550 F.3d at 190.

The government takes a different view, insisting that the district court properly declined to order a concurrent sentence on the basis that it lacked sufficient information. Although the sentencing transcripts contain no statement to this effect, the government infers that the district court declined to follow Section 5G1.3(c) because, at the time of the federal sentencing, no state trial date had been set and the charges were unproven. We disagree with this interpretation of the record. The district court did briefly inquire as to the status of the state proceedings, but there is no indication that the absence of a trial date

was the reason the district court did not order a concurrent sentence. As to the fact that the charges had not yet been proven beyond a reasonable doubt, this is inherent in a posture involving pending state charges. Because Section 5G1.3(c) recommends a concurrent sentence in this circumstance, we cannot presume that the district court declined to follow the Guidelines simply because the defendant had not yet been convicted.

Alternatively, the government argues that any error the district court committed in failing to address Section 5G1.3(c) did not impair Olmeda's substantial rights. To be sure, this Court has held that where "the record indicates clearly that the district court would have imposed the same sentence in any event, [a procedural] error may be deemed harmless." *United States v. Jass*, 569 F.3d 47, 68 (2d Cir. 2009) (internal quotation marks omitted). But, we have also cautioned that we will not "lightly assume that" proper attention to the Guidelines "would not affect the sentence." *United States v. Feldman*, 647 F.3d 450, 460 (2d Cir. 2011). The Court is "especially wary of making such an assumption" where, in the absence of an error, the defendant's Guidelines range would have been substantially lower. *Id.* Here, the relevant conduct enhancement increased

Olmeda's Guidelines range by more than fifty percent. And, because the district court never addressed Olmeda's request for a concurrent sentence after applying the enhancement, we cannot be confident that it would have imposed the same sentence had it considered the policy statement in Section 5G1.3(c). As a result, we cannot conclude that the procedural error was harmless.

**CONCLUSION**

For the foregoing reasons, we REMAND with instructions to vacate the sentence and resentence in a manner consistent with this opinion.[3]

---

[3] The record indicates that Olmeda's state sentence was imposed in July 2016. If so, at resentencing Olmeda's state conviction will be considered a prior offense governed by Section 5G1.3(b), which also advises that the federal sentence "shall be imposed to run concurrently" to the state sentence.

14