## NOT RECOMMENDED FOR FULL-TEXT PUBLICATION

File Name: 19a0119n.06

Case No. 18-3580

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|

UNITED STATES OF AMERICA,⠀⠀⠀⠀⠀⠀)

⠀⠀⠀⠀)

⠀⠀Plaintiff-Appellee,⠀⠀⠀⠀⠀⠀)

⠀⠀⠀⠀)⠀⠀ON APPEAL FROM THE UNITED

v.⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀⠀)⠀⠀STATES DISTRICT COURT FOR

⠀⠀⠀⠀)⠀⠀THE NORTHERN DISTRICT OF

TREMAINE JACKSON,⠀⠀⠀⠀⠀⠀)⠀⠀OHIO

⠀⠀⠀⠀)

⠀⠀Defendant-Appellant.⠀⠀⠀⠀⠀)

**FILED**
Mar 13, 2019
DEBORAH S. HUNT, Clerk

BEFORE: KEITH, STRANCH, and DONALD, Circuit Judges.

**BERNICE BOUIE DONALD, Circuit Judge.** United States Sentencing Guideline § 5G1.3(c)[1] states that a sentence "shall" run concurrently to any "anticipated" state sentence for relevant conduct. The defendant in this case was charged with a state crime for relevant conduct at the time of his federal sentencing. Thus, his situation falls squarely within § 5G1.3(c). Without explaining why, the district court did not follow § 5G1.3(c)'s guidance, and instead ran the defendant's sentence consecutively to any anticipated state sentence for relevant conduct. This Court cannot review the district court's rationale for deviating from § 5G1.3(c) because the district court did not discuss it on the record. Therefore, the defendant's sentence is procedurally unreasonable, and we vacate and remand for resentencing.

---

[1]All further citations are to the Sentencing Guidelines unless otherwise noted.

## I.     Background

On February 1, 2018, Defendant-Appellant Tremaine Jackson pled guilty to one count of possession of a firearm and ammunition while under indictment, in violation of 18 U.S.C. § 922(n). The United States Probation Department prepared a presentence report that calculated Jackson's total offense level at 17 with a criminal history category of VI.  Given these two factors, the recommended sentencing range was 51 to 63 months' imprisonment.  Because the statutory maximum for the offense is five years, the high end of the range was reduced to 60 months' imprisonment.  The presentence report did not identify any grounds for a departure from the sentence range.  Jackson did not object to the accuracy of the presentence report.[2]

At the time of federal sentencing, Jackson was also in trouble with the state.  He was serving an undischarged state prison sentence for drug and evidence-tampering charges, and he had four other state criminal cases pending against him: two for felonious assault, one for gun-related charges and drug trafficking, and another for having a weapon while under disability and receiving stolen property.  This lattermost charge arose out of the same conduct that led to Jackson's charge in the underlying federal case.  At the sentencing hearing, the prosecution advised the district court that the district attorney would dismiss the relevant conduct case if it was based on the same conduct as the federal count.

The district court sentenced Jackson to a mid-guidelines range of 52 months' imprisonment.  Although the district court "[felt] that a high[-]end sentence or probably even an above[-]guideline sentence is justified in this case, . . . [the district court] agree[d] . . . with the government's recommendation that perhaps a mid[-]guideline range sentence will be sufficient."

---

[2] Jackson's counsel did object to one portion of the report but withdrew that objection after conducting further investigation into the underlying facts of conviction.

Such a sentence was "necessary to promote respect for the law and to protect the public from future crimes by [Jackson]," and would act as a "deterrent from future criminal conduct and to permit [Jackson] the opportunity to obtain needed" support.

Beyond the length of the sentence, the district court also noted that it "must determine whether to impose any sentence in this case concurrent, consecutive, or partially concurrent, . . . to [Jackson's] undischarged state court sentences." During the hearing, Jackson's counsel requested that the federal sentence run concurrently to any state sentence because it was unclear how the state-court judge would sentence Jackson. Denying this request, the district court chose to run the sentence "consecutive[ly] to the undischarged state court sentences and to any state court sentences that may be imposed relative to any pending cases." This decision, the district court contended, was "necessary and appropriate because of . . . Jackson's multiple firearm related offenses and his unwilling [sic] to forego possession of weapons and the fact that the court finds that he is a risk to the community and believes [that running the sentences consecutively is necessary] to protect the public[.]"

After setting out the conditions of Jackson's sentence, the district court asked the parties if there were any objections. At that time, Jackson's only objection was to how much "jail credit time" he would be receiving. The parties discussed Jackson's complicated custody situation, given his undischarged state sentence and pending state charges, and then the district court deferred to the Bureau of Prisons to calculate Jackson's jail credit time for time served, saying it was in their "purview" to do so. The district court then asked whether there were any additional objections to the sentence, to which Jackson's counsel responded, "No, Your Honor." Jackson filed a timely appeal.

## II.     Analysis

A defendant may challenge both the procedural and substantive reasonableness of his sentence. *United States v. Petrus*, 588 F.3d 347, 351 (6th Cir. 2009).  Jackson argues that his sentence was procedurally unreasonable.[3]  For a sentence to be procedurally reasonable, the district court must do the following things: properly calculate the Guidelines range, treat the Guidelines as non-mandatory, consider the § 3553(a) factors, avoid imposing a sentence based on clearly erroneous facts, and "adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *United States v. Bolds*, 511 F.3d 568, 579 (6th Cir. 2007) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).  Jackson argues that the district court did not satisfy this last element—adequately explaining the chosen sentence—because the district court did not consider § 5G1.3(c), which calls for concurrent sentences for relevant conduct.  We agree with Jackson that the district court did not sufficiently address § 5G1.3(c).  Therefore, we find the sentence to be procedurally unreasonable.

As an initial matter, we must determine which standard of review to apply to Jackson's argument.  When a defendant lodges a specific objection to the district court, we review the reasonableness of the sentence for an abuse of discretion, but when the defendant does not present an adequate objection to the district court, we review the reasonableness of the sentence for plain error. *United States v. Harmon*, 607 F.3d 233, 236 (6th Cir. 2010).  To avoid a plain error standard, the defendant "must object with that reasonable degree of specificity which would have adequately apprised the trial court of the true basis for his objection." *United States v. Bostic*, 371 F.3d 865, 871 (6th Cir. 2004) (internal quotation marks omitted).  "A specific objection provides the district

---

[3]Jackson also argues that his sentence was substantively unreasonable.  However, because we find that the sentence was procedurally unreasonable, we do not address Jackson's arguments on substantive reasonableness.

court with an opportunity to address the error in the first instance and allows this court to engage in more meaningful review." *Id*. When presented the opportunity at the sentencing hearing, Jackson's counsel objected as follows regarding the possible concurrent or consecutive nature of the sentence:

> I'm going to ask for concurrent time. Because I don't know necessarily that Judge Brian Corrigan isn't going to give him consecutive time in Cuyahoga County, and what could end up for my client is he could very easily end up spending the next decade in the penitentiary, and I would ask the court to understand that he's a young man with an above-average intelligence and he will have an opportunity to become a viable member of the community if he can get himself straightened out while he's going to take a time out from society for the next handful of years.

Jackson clearly set forth his concern to the district court regarding the impact of running his federal sentence consecutively to any sentence to be imposed from his pending state court charges. This objection—which cited the uncertainty of the pending state charges and the real possibility of excessive punishment—was specific enough to give the district court the opportunity to address any error and for this Court to engage in more meaningful review. *Id.* Therefore, we review the district court's decision to impose the sentence consecutively to the undischarged and pending state sentences for an abuse of discretion. *See United States v. Moore*, 512 F. App'x 590, 592-593 (6th Cir. 2013) (analyzing district court's decision to impose a consecutive or concurrent sentence for abuse of discretion where, like here, defendant raised his procedural argument before the court imposed its sentence and asked for objections).

Next, we turn to the merits of Jackson's appeal, which focus on whether the district court adequately considered § 5G1.3(c). Pursuant to § 5G1.3(c), when "a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . . , the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment." The Government concedes that one of Jackson's pending state

charges was for relevant conduct, Appellee Br. at 17, and the district court was aware of that charge. Therefore, § 5G1.3(c) applies, and the district court needed to expressly consider it. *United States v. Coleman*, 15 F.3d 610, 613 (6th Cir. 1994) (vacating sentence and remanding because "the judge did not expressly turn his attention to § 5G1.3(c) and Application Note 3 of the commentary."). To satisfy its obligation, "[t]he record on appeal should show that the district court 'turned its attention to § 5G1.3(c) and the relevant commentary in its determination of whether to impose a concurrent or consecutive sentence.'" *United States v. Hall*, 632 F.3d 331, 335 (6th Cir. 2011) (citation omitted).

The record here does not show that the district court "turned its attention to § 5G1.3(c) and the relevant commentary[.]" *Id.* The district court did not refer to § 5G1.3(c) by name, did not discuss its language, and did not consider any of the elements laid out in the commentary except for the § 3553(a) factors. On this record, we cannot review the rationale the district court adopted in deviating from § 5G1.3(c). Therefore, the sentence is procedurally unreasonable.

The Government argues that this section of the Guidelines is inapposite because the district attorney had represented (to the prosecutor, not the court) that any state charge for relevant conduct would be dismissed, meaning that the state sentence was not in fact "anticipated." We do not agree. While the Guidelines do not define what "anticipated" means within § 5G1.3(c), and we have not previously answered that question, our Sister Circuits have held that an "anticipated" sentence "encompass[es] sentences associated with state charges for relevant conduct that are pending at the time of a defendant's federal sentencing." *United States v. Olmeda*, 894 F.3d 89, 92–93 (2d Cir. 2018); *see also Setser*, 566 U.S. at 233 (considering a state sentence to be "anticipated" when the defendant had a pending state charge at the time of federal sentencing); *United States v. Looney*, 606 F. App'x 744, 748 (5th Cir. 2015) (per curiam) (holding that "the

district court has the discretion to impose a sentence concurrent with a future state sentence when state charges are pending against the defendant"). We agree that a state sentence is considered "anticipated" for purposes of § 5G1.3(c) when state charges are pending.

At the time of Jackson's federal sentencing, he had a pending state charge for relevant conduct; therefore, a state sentence for relevant conduct was anticipated, and § 5G1.3(c) applies. Although the district attorney may have represented to the prosecution that any relevant conduct charges would be dismissed, this representation does not change the fact that a state charge for relevant conduct was actually pending at that time. Under these circumstances, we consider the state sentence to be anticipated for purposes of § 5G1.3(c). The district court was required to "turn[] its attention" to § 5G1.3(c) and to explain its rationale for deviating from it. *Hall*, 632 F.3d at 335 (citation omitted). Because the district court did not demonstrate on the record that it did either of these things, we find Jackson's sentence to be procedurally unreasonable.

## III.    Conclusion

For the aforementioned reasons, we vacate and remand for resentencing.