United States of America v. Olmeda

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of December, two thousand twenty.

**PRESENT:**
> **GUIDO CALABRESI,**
> **ROBERT A. KATZMANN,**
> **RICHARD J. SULLIVAN,**
> > *Circuit Judges.*

---

**United States of America,**

> *Appellee,*

> **v.**                                                        **19-2137**

**Antonio Olmeda,**

> *Defendant-Appellant.*

---

For Defendant-Appellant:          Antonio Olmeda, *pro se*, Elmira, NY.

For Appellee:                     Michael D. Maimin, Thomas McKay, Assistant United States Attorneys, *for* Audrey Strauss, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Berman, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED IN PART** and **VACATED IN PART**.

Defendant-appellant Antonio Olmeda, proceeding *pro se*, appeals from a sentence imposed following his conviction for being a felon in possession of firearms and for possessing unregistered firearms. We had previously affirmed most aspects of Mr. Olmeda's sentence but remanded so that the district court could more fully consider the impact of Sentencing Guideline § 5G1.3 in light of Mr. Olmeda's subsequently imposed state court sentence. *See United States v. Olmeda*, 894 F.3d 89 (2d Cir. 2018) (per curiam); *United States v. Olmeda*, 738 F. App'x 710 (2d Cir. 2018) (summary order). On remand, the district considered § 5G1.3, but reimposed its original sentence — 151 months' incarceration — to run consecutive to Mr. Olmeda's incarceration in state prison for conduct related to the instant offense. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review a sentence for reasonableness under a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc).[1] Procedural review must "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall v. United States*,

---

[1] Unless otherwise indicated, in quoting cases, we omit all internal citations, quotation marks, footnotes, and alterations.

552 U.S. 38, 51 (2007). A sentence is substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions, that is, when sentences are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice." *United States v. Aldeen*, 792 F.3d 247, 255 (2d Cir. 2015). We review the district court's interpretation of the Guidelines *de novo*, and its findings of fact for clear error. *United States v. Salim*, 549 F.3d 67, 72 (2d Cir. 2008).

## I.    Guidelines Calculation

Mr. Olmeda challenges various aspects of the district court's Guidelines calculation. However, we have already rejected these challenges during Mr. Olmeda's prior appeal, and the district court did not change its Guidelines calculation on remand. Under the law-of-the-case doctrine, this Court will generally "adhere to its own decision at an earlier stage of the litigation," and will depart from this rule only for "compelling reasons," such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *United States v. Plugh*, 648 F.3d 118, 123–24 (2d Cir. 2011). We see no basis to reconsider our prior decision here. Mr. Olmeda's new argument that the enhancements were improper because they are "substantially overlapping," Appellant's Br. at 9, is without merit since it relies on the rule for grouping counts under the Guidelines—which does not have any bearing on Guidelines enhancements, *see* U.S.S.G. § 3D1.2.

## II.    Consecutive Sentence

The district court did not abuse its discretion in imposing Mr. Olmeda's federal sentence consecutive to his state sentence. First, the district court explicitly considered the Guidelines' recommendation in U.S.S.G. § 5G1.3 that a federal sentence be imposed concurrently to an

undischarged state sentence for an offense that is relevant conduct to the federal offense, and it reasonably concluded that the factors listed in 18 U.S.C. § 3553(a) instead favored a consecutive sentence. The district court reasonably emphasized public safety concerns, given Mr. Olmeda's history of unlawfully possessing and using weapons, and the circumstances of his offense. The resentencing was consistent with this Court's mandate on remand, which required only that the district court *consider* the Guidelines regarding concurrence. *See Olmeda*, 894 F.3d at 94 & n.3; *see also United States v. Coppola*, 671 F.3d 220, 253 n.30 (2d Cir. 2012) ("To the extent the Guidelines are advisory, the district court would have the discretion not to follow § 5G1.3(b) even where applicable.").

Second, contrary to Mr. Olmeda's argument, the district court did not extend the length of his term of incarceration to promote his rehabilitation. The district court's lengthy discussion of the § 3553(a) factors makes clear that the sentence was imposed due to the seriousness of the offense, the need for deterrence, and the need to protect the public. The mere mentioning of the need for mental health treatment does not indicate that the district court lengthened the term of incarceration for rehabilitative aims. *See United States v. Gilliard*, 671 F.3d 255, 260 (2d Cir. 2012).

Third, there is no indication of vindictiveness by the district court in response to Mr. Olmeda's prior exercise of his legal right to appeal. A presumption of vindictiveness arises when a court imposes a harsher sentence on remand after a successful appeal. *United States v. Singletary*, 458 F.3d 72, 74 (2d Cir. 2006). But no such presumption attaches here. The district court did not increase the federal sentence itself on remand, reimposing the same carceral term for the same reasons. Moreover, the district court clarified that during the original sentencing, it "intended to impose, and did impose, a sentence that was not concurrent to the state sentence." Suppl. App'x

4

70. In light of the district court's explanation on remand that it was imposing the same sentence that it had initially intended — once again denying Mr. Olmeda's request for a concurrent sentence — we cannot say that the district court imposed a harsher sentence such that a presumption of vindictiveness applies. Without the benefit of the presumption, the burden is on Mr. Olmeda to prove actual vindictiveness, *see United States v. Weingarten*, 713 F.3d 704, 715 (2d Cir. 2013), and he has not done so.

Finally, as we previously held, Mr. Olmeda's within-Guidelines term of 151 months' incarceration is substantively reasonable given the seriousness of Mr. Olmeda's offense. *Olmeda* 738 F. App'x at 715; *see also United States v. Perez-Frias*, 636 F.3d 39, 43 (2d Cir. 2011) (per curiam) (a within-Guidelines sentence is substantively reasonable "in the overwhelming majority of cases"). On the facts of this case — including those concerning Mr. Olmeda's dangerousness that were not addressed in the state case — we cannot say that the decision to impose the sentence consecutively to the undischarged state term results in a total sentence that "cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 191.

### III.  Conditions of Supervised Release

"The district court has broad authority pursuant to 18 U.S.C. § 3583(d) to impose any condition of supervised release that it considers to be appropriate . . . ." *United States v. Dupes*, 513 F.3d 338, 343 (2d Cir. 2008). Conditions of supervised release must be "reasonably related" to the statutory sentencing factors listed in 18 U.S.C. § 3553(a)(1) and (a)(2), must involve "no greater deprivation of liberty than is reasonably necessary to implement the statutory purposes of sentencing," and must be "consistent with pertinent Sentencing Commission policy statements." *Id*. We review special conditions of supervised release "for plain error where, as here, the defendant had advance notice of the challenged condition and failed to object during sentencing."

5

*United States v. Bleau*, 930 F.3d 35, 39 (2d Cir. 2019).

Mr. Olmeda's argument that the district court imposed conditions of supervised release based on false information in the presentence report ("PSR") is not supported by the record. Mr. Olmeda's only factual challenge to the PSR before the district court concerned the identity of his high school and junior high school, and there is no basis to conclude that this information had any effect on the sentence. Mr. Olmeda does not identify on appeal any other information in the PSR that was not accurate.

We do agree with Mr. Olmeda that — as the government concedes — the condition imposing substance abuse treatment only "if the probation officer determine[s] that it is necessary" impermissibly delegates judicial authority to the probation officer. Suppl. App'x 116. Although the district court may delegate authority over the details of supervised release to a probation officer, it may not delegate "authority which would make a defendant's liberty itself contingent on a probation officer's exercise of discretion." *United States v. Matta*, 777 F.3d 116, 122 (2d Cir. 2015). Thus, the substance-abuse-treatment condition is stricken.[2]

By contrast, the condition that Mr. Olmeda participate in mental health treatment does not raise delegation concerns because it is not contingent on a determination by the probation officer. And, as we held on Mr. Olmeda's prior appeal, this condition is reasonably related to his history and characteristics. *Olmeda*, 738 F. App'x at 715–16.

Finally, in light of Mr. Olmeda's conduct, including his possession of fake police identification cards, we find no error in the imposition of the condition prohibiting him from possessing "any clothing, badges, identification, or paraphernalia that indicates or appears to

---

[2] The government consents to striking this condition rather than remanding to the district court.

indicate that the wearer, user, or possessor is a member of law enforcement." App'x 35.

## IV.    Remaining Issues

To the extent that Mr. Olmeda challenges his conviction or the state proceedings, they are outside the scope of this appeal, which is limited to the resentencing. And to the extent that Mr. Olmeda argues that he received ineffective assistance of counsel during resentencing, we decline to consider that issue because, as in most cases, a motion brought under 28 U.S.C. § 2255 is preferable to direct appeal for deciding claims of ineffective assistance. *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also United States v. Doe*, 365 F.3d 150, 154 (2d Cir. 2004).

We have considered all of Mr. Olmeda's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is **VACATED IN PART** and **AFFIRMED IN PART**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court