23-7069
United States v. Cannon

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

<u>**SUMMARY ORDER**</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of January, two thousand twenty-five.

PRESENT:
> ROBERT D. SACK,
> MYRNA PÉREZ,
> > *Circuit Judges,*
> DALE E. HO,
> > *District Judge.*[*]

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                          23-7069

JERMAINE CANNON

> *Defendant-Appellant,*

---

[*] Judge Dale E. Ho, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT: Andrew Giering, Assistant Federal Defender (Lillian Odongo, *on the brief*), *for* Terence S. Ward, Federal Defender, Hartford, CT

FOR APPELLEE: Nathaniel J. Gentile, Sandra S. Glover, Assistant United States Attorneys, *for* Vanessa Roberts Avery, United States Attorney for the District of Connecticut, New Haven, CT

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **VACATED AND REMANDED**.

In connection with a string of robberies he committed against a neighborhood convenience store when he was 18 years old, Defendant-Appellant Jermaine Cannon pleaded guilty to five counts of Hobbs Act robbery (in violation of 18 U.S.C. § 1951(a)), and one count of brandishing a firearm during and in relation to a crime of violence (in violation of 18 U.S.C. § 924(c)(1)(A)). At the time of sentencing for the above pleaded counts, Cannon was in state custody for pending state charges that arose from the guns used in the robberies. The federal district court judge sentenced Cannon principally to 162 months' imprisonment and three years' supervised release. The state court eventually sentenced Cannon to eight years' imprisonment. Together, Cannon is set to serve over twenty-one years in prison because his federal sentence will not begin until after the completion of his state sentence (i.e., it will run consecutively rather than concurrently).

2

Cannon timely appealed his federal sentence, contending that the district court failed to consider his history, personal circumstances, youth, and anticipated state sentence when it ordered the federal sentence.   We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal and recount them only as necessary to explain our decision to vacate the judgment, and remand for resentencing.

**STANDARD OF REVIEW**

A district court's interpretation of the Guidelines is subject to de novo review, and the reasonableness of a district court's sentencing decision is typically subject to abuse of discretion review.   *See United States v. Olmeda*, 894 F.3d 89, 92 (2d Cir. 2018).   The parties dispute whether we should review Cannon's procedural challenges for plain error, rather than abuse of discretion, because the government contends that Cannon's objections were not preserved.   That dispute is immaterial, however, because the error we identify below satisfies either the abuse of discretion or plain error standard.[2]

**DISCUSSION**

Cannon's sentencing ran afoul of our precedent.[3]

---

[2]  To be sure, if parties do not object to supposed errors at sentencing, the challenges on appeal must pass muster under the plain error standard.   To meet the plain error standard, Cannon must establish that "(1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."   *United States v. Rosa*, 957 F.3d 113, 117–118 (2d Cir. 2020).

[3]  Following oral argument, Cannon filed an unsolicited letter styled as a Fed. R. App. P. 28(j) letter regarding the applicability of U.S.S.G. § 5G1.3(c) and *United States v. Olmeda*, 894 F.3d 89 (2d. Cir. 2018).   *See* Dkt. No. 48. Cannon's letter was over length, *see* Fed. R. App. P 28(j) (limiting letters to 350 words), and not considered.   Nor was the government's response letter or Cannon's reply.   *See* Dkt. Nos. 49, 50.   We disagree with the contention that the consecutive state sentence concern is "new," Dkt. No. 49 at 2.   And, relevant here, we are bound by on point precedent, even if Cannon's counsel was insufficiently prepared at the time of oral argument to provide assistance to the Court.   In both his opening and reply briefs, Cannon identified his concern with the federal sentence running consecutively to the anticipated state sentence.   *See* Opening Appellant Br. at 1–2, 11–12; Appellant Reply Br. at 1. We readily acknowledge that Cannon's briefs were frustratingly inartful in articulating the contours of his position, but given what transpired at sentencing, and what was raised in the brief, there was no forfeiture and the government had notice of Cannon's concern.   Indeed, the government's ready access to our published opinions, and the

U.S.S.G. § 5G1.3(c) provides:

"If . . . a state term of imprisonment is anticipated to result from another offense that is relevant conduct to the instant offense of conviction . . ., the sentence for the instant offense shall be imposed to run concurrently to the anticipated term of imprisonment."

While the Guidelines are advisory, failing to consider U.S.S.G. § 5G1.3(c) is a procedural error as set out in *Olmeda*. 894 F.3d at 94 (remanding when the district court did not sufficiently engage with U.S.S.G. § 5G1.3(c) in connection with a request for a concurrent sentence). The *Olmeda* Court determined remand to be appropriate because the Court could not "be confident that [the district court] would have imposed the same sentence had it considered . . . Section 5G1.3(c)," and therefore, the procedural error was not harmless. *Id*. Of course, we ordinarily assume that the district court understood its authority and all available sentencing options, but remand is appropriate if the record suggests that error may have influenced the sentence. *See, e.g., United States v. Ojeda*, 946 F.3d 622, 628-630 (2d Cir. 2020) (vacating and remanding where a district court appeared to be uncertain of its authority to order a concurrent federal sentence).

Here, the Presentence Report indicated that Cannon was charged by the State of Connecticut for criminal possession of a firearm and of illegal possession of a large capacity magazine—these were the guns brandished during the robberies at issue in his federal case. The Presentence Report explicitly stated that the arrest for the state charges was included in the offense conduct. Notably, at the time of sentencing, Cannon's counsel brought to the district court's attention that Cannon was in state custody "for related state charges," and requested that the district

---

opportunity at oral argument to explain its position, make its complaints of disadvantage ring hollow, especially since the government conceded at oral argument that the district court was obligated to consider the Guidelines, including U.S.S.G. § 5G1.3(c), at the time of sentencing, *see* Oral Arg. Audio Recording at 10:05–10:55.

court order that the federal sentence run concurrently to the anticipated state sentence for those related charges. Opening Appellant Br. at 1; *see also id*. at 2 (noting that Cannon was serving state time for the "same conduct"). The government did not weigh in on the request at sentencing.[4] Despite the representations made to the district court about the state charges, including in the Presentence Report, the district court did not inquire further as to the applicability of U.S.S.G. § 5G1.3(c)—or make any assessments or determinations pursuant to the Guideline. Indeed, based upon the sentencing hearing transcript, there is no indication that the district court fully appreciated its obligation to consider its authority under U.S.S.G. § 5G1.3(c).[5]

Failure to consider the applicability of U.S.S.G. § 5G1.3(c) was obvious error. And that error affected both Cannon's substantial rights and the fairness of his judicial proceeding because not ordering the sentences to run concurrently increased his total term of imprisonment by eight years. *Cf. United States v. Lopez*, No. 22-1071-cr, 2023 WL 7146581, *1 (2d Cir. Oct. 31, 2023) (summary order) (recognizing that the district court's failure to consider U.S.S.G. § 5G1.3(c) was a plain error but ultimately concluding that the error did not affect the defendant's substantial rights

---

[4] The government, however, recognizes in its brief that Cannon's state sentence is for "related conduct." Gov't Br. at 4.

[5] The relevant exchange went as follows:

> MS. ODONGO: I just wanted to request if the Court could, in the judgment say that this sentence would run concurrent with the state case and so, in the event that he does get sentenced in the state case that will already be on the record.
>
> He has a state case that has –
>
> THE COURT: I understand, but I don't think that's my – I think I will let the state court make their own decision.

Gov't App'x at 77:1–9.

Here, the district court's "I don't think that's my" remark, Gov't App'x at 77:7–8, suggests uncertainty. *See also* Oral Arg. Audio Recording 2:52–2:58 ("I think the [district] court may have misapprehended its authority to some extent").

because he faced a life sentence regardless).

Cannon's remaining arguments are without merit. Cannon, who was a legal adult at the time of the robberies, contends that the district court failed to consider his youth. But as Cannon himself recognizes, this Court has rejected age-based challenges to sentencing, *see, e.g., United States v. Sierra*, 933 F.3d 95, 97 (2d Cir. 2019); *United States v. Reingold*, 731 F.3d 204, 215 (2d Cir. 2013), and "youth" is not an explicit § 3553(a) factor. Cannon further contends that the district court failed to consider his personal circumstances and history, but that argument is belied by the record. The district court expressly discussed the mitigating factors including Cannon's difficult childhood, and even noted that Cannon was "capable of being a caring person," Gov't App'x at 68:21. And while we must be satisfied that a district court considered the defendant's arguments—and we are not as it relates to the anticipated state sentence issue—we have never required a district court to specifically respond to every point made by counsel. *See United States v. Bonilla*, 618 F.3d 102, 111 (2d Cir. 2010).

\* \* \*

Accordingly, we **VACATE** the judgment of the district court and **REMAND** for the district court to consider in the first instance any applicability of U.S.S.G. § 5G1.3(c) and to resentence, as necessary, in accordance with its considered wisdom.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6