# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-10203

UNITED STATES OF AMERICA,

      Plaintiff - Appellee

v.

DWIGHT L. LOONEY,

      Defendant - Appellant

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2015

Lyle W. Cayce
Clerk

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:13-CR-159-1

Before DAVIS and CLEMENT, Circuit Judges, and ROSENTHAL, District Judge. *

PER CURIAM:**

      Appellant, Dwight L. Looney, appeals his conviction and sentence, following his guilty plea, challenging the sufficiency of the factual resume supporting his plea and the district court's application of the sentencing guidelines. For the following reasons, we affirm Looney's conviction and sentence.

---

* District Judge of the Southern District of Texas, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10203

## I. FACTS AND PROCEEDINGS

Looney pleaded guilty, without a plea agreement, to producing child pornography "using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce" in violation of 18 U.S.C. § 2251(a). In Looney's signed factual resume, he admits that he used a camera manufactured outside the State of Texas — the location of the offense — to photograph a minor female in a sexually explicit pose. Looney has also been charged in state court for an offense stemming from the same relevant conduct. He has not been convicted or sentenced in state court, but has been in the state's custody awaiting disposition of his case. The district court sentenced Looney to 262 months of imprisonment "to run concurrently with any state sentence imposed in the state court action growing out of this same conduct."

At the sentencing hearing, Looney requested that the district court give him credit for the time he has served in state pretrial custody. The district court denied Looney's request because Looney had not been convicted or sentenced on the state charges, and the United States Sentencing Guidelines did not require the court to credit Looney the time he served in state pretrial custody.

Three months after pleading guilty Looney moved to dismiss his indictment, arguing that the statute, 18 U.S.C. § 2251(a), is unconstitutional facially and as applied to him. Looney conceded, however, that this Circuit's precedent forecloses this issue, and he made the argument to preserve it for further review.

On appeal, Looney challenges the sufficiency of the factual resume supporting his guilty plea and the district court's refusal to credit him for the time he served in state pretrial custody. First, Looney argues that 18 U.S.C. § 2251(a) must be read to reach only commercial production of child pornography. It is not enough, he argues, that the camera he used was

2

No. 14-10203

manufactured outside of Texas.  Second, Looney argues that the district court
ignored the commentary to the Sentencing Guidelines, which allows a court to
credit a defendant for time served in state pretrial custody.

## II.  DISCUSSION

### A.  *Sufficiency of the Factual Resume*

Looney shifts his argument from the purely constitutional claims raised
before the district court and asserts, instead, that the factual resume to which
he stipulated was not sufficient to support his conviction.

Looney pleaded guilty to violating 18 U.S.C. § 2251(a), which makes it a
violation, *inter alia*, to produce a visual depiction of a minor engaged in
sexually explicit conduct.[1]  Under the statute, federal jurisdiction is invoked if
the depiction is "produced . . . using materials that have been mailed, shipped,
or transported in or affecting interstate or foreign commerce by any means."[2]
Looney argues that this requires a "meaningful connection to interstate
commerce."  To satisfy this requirement, he argues that the government must
show (1) that the defendant procured the materials for the purpose of
producing child pornography, or, at least, (2) that the relevant materials moved
in interstate commerce at a time reasonably near the offense.  Looney's factual
resume states only that he used a camera that was manufactured outside of

---

[1] 18 U.S.C. § 2251(a) states, in pertinent part:

Any person who employs, uses, persuades, induces, entices, or coerces any
minor to engage in . . . any sexually explicit conduct for the purpose of
producing any visual depiction of such conduct . . . shall be punished as
provided under subsection (e), . . . if that visual depiction was produced or
transmitted using materials that have been mailed, shipped, or transported in
or affecting interstate or foreign commerce by any means, including by
computer . . . .

[2] *Id.*

3

Texas; therefore, he argues, his factual resume is insufficient to support his conviction.

The government argues that Looney waived this issue by pleading guilty, because Looney's argument on appeal is a disguised reassertion of his constitutional claims. Alternatively, the government argues that Looney's argument on appeal is distinct from his argument at the district court such that this court should review Looney's conviction for plain error.

Looney contends that his argument was not waived by his guilty plea and is sufficiently related to the arguments he presented in his motion to dismiss to avoid plain error review. Accordingly, Looney argues that the district court's interpretation of § 2251(a) should be reviewed de novo.

We need not resolve this issue, because even if Looney did not waive his argument by pleading guilty, and even if he sufficiently preserved it in the district court to avoid plain error review, his argument that the factual resume is not sufficient to support his plea clearly lacks merit.

In *United States v. Dickson*, 632 F.3d 186, 192 (5th Cir. 2011), a defendant appealed his conviction of possession of child pornography under 18 U.S.C. § 2252(a)(4)(B) and production of child pornography under 18 U.S.C. § 2251(a). The jurisdictional hook in both statutes requires the Government to establish that the pornography was produced using materials that had been in interstate commerce. To satisfy this element in *Dickson*, the Government introduced evidence at trial that the Compact Disc ("CD") on which the defendant downloaded and preserved pornographic images was manufactured in the Republic of China.[3] We affirmed the defendant's conviction on both counts.[4] With respect to the possession count, we found that the offense was

---

[3] *Dickson*, 632 F.3d at 189.

[4] *Id.* at 190-92.

completed when the defendant produced pornography by copying it to a CD made in China and possessed it in Texas. Since all that was required was production using "materials which have been mailed or so shipped,"[5] the CD satisfied the jurisdictional hook.[6] On the production count, the defendant argued that Congress lacked the power to regulate the purely local conduct of saving images to a CD.[7] We, again, rejected the defendant's argument. This case makes clear that when items transmitted through interstate commerce are used to produce child pornography, it is sufficient to establish this element of the offense and the jurisdictional hook required by the Commerce Clause. It follows that the proof that the camera used to produce the pornography was shipped into Texas from another state is sufficient to support Looney's conviction.

In support of his interpretation of § 2251(a), Looney relies on the Supreme Court's recent decision in *Bond v. United States*, 134 S. Ct. 2077 (2014). In *Bond*, the Supreme Court concluded that the Chemical Weapons Convention Implementation Act of 1998 ("Act"), which makes it a federal crime for a person to "use or possess any chemical weapon" does not cover wholly intrastate conduct.[8] The Act was passed by Congress "[t]o fulfill the United States' obligations under the Convention" on Chemical Weapons.[9] That Convention, which was ratified by 190 countries, was aimed at "prohibiting the

---

[5] In *Dickson,* the applicable jurisdictional hook in § 2252(a)(4)(B) states, "produced using materials which have been mailed or so shipped or transported, by any means including by computer." Additionally, the applicable jurisdictional hook in § 2251(a) states, "produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer."

[6] *Dickson*, 632 F.3d at 190.

[7] *Id.* at 192.

[8] *Bond,* 134 S. Ct. at 2083, 2093-94.

[9] *Id.* at 2083.

development, stockpiling, or use of chemical weapons by any State Party."[10] Because the Act was implementing an international war treaty, the Supreme Court held that it could not be used to prosecute local crime where a wife attempted to injure her husband's pregnant lover by exposing her to an arsenic-based chemical compound, which was procured by the wife from her place of employment.[11]

It is apparent to us that the nature of the statute in *Bond*, implementing an international treaty on chemical weapons, bears no resemblance to the statute at issue in today's case. Unlike the chemical weapons statute in *Bond*, there is every indication that Congress intended to exercise all of its power to regulate child pornography, including punishing purely local conduct so long as the minimal jurisdictional hook is satisfied. We are satisfied that *Bond* does not undermine our precedent requiring only that the materials used in producing the pornography have been in, or at least affect, interstate commerce. Looney admits to using a camera that has been in interstate commerce. Therefore, his argument regarding the sufficiency of his factual resume to support his guilty plea is foreclosed by our precedent, which is not undermined by *Bond*.

## B.  *Application of the Sentencing Guidelines*

Looney challenges the district court's conclusion that § 5G1.3(b) of the United States Sentencing Guidelines did not mandate a reduction of his federal sentence to account for the year that he had spent in state pretrial custody. In his brief to this Court, Looney argues that § 5G1.3(b) "recommends" that the district court credit the federal sentence for any time spent in presentence custody awaiting trial in state court, if the Bureau of Prisons is not authorized

---

[10] *Id.* at 2083-4.

[11] *Id.* at 2083.

6

to grant that credit. Looney relies on the "*Background*" portion of the Commentary to § 5G1.3 of the Sentencing Guidelines and the text of § 5G1.3(b)(1) to support his argument that he is entitled to a reduction in his sentence for state pretrial custody.[12]

After a careful reading of those sections, however, it is clear that those sections only refer to the authority of the federal court to impose a concurrent sentence with an already imposed or anticipated state court sentence. There is no reference to a federal court crediting pretrial state custody. Section 5G1.3(b) only requires a district court to adjust its sentence under certain circumstances for time served in connection with a state offense when the state court has already imposed a sentence. The state court had not imposed a sentence against Looney when the district court sentenced him. The Commentary only gives the court discretion to impose a concurrent sentence for anticipated state sentences. In other words, the district court has the discretion to impose a sentence concurrent with a future state sentence when state charges are pending against the defendant. This is exactly what the district court did in Looney's case; it sentenced Looney to 262 months of imprisonment "to run concurrently with any state sentence imposed in the

---

[12] The portion of the "*Background*" section of the commentary that Looney quotes, states:

> Federal courts also generally have discretion to order that the sentences they impose will run concurrently with or consecutively to other state sentences that are anticipated but not yet imposed. *See Setser*, 132 S. Ct. at 1468. Exercise of that discretion, however, is predicated on the court's consideration of the factors listed in 18 U.S.C. § 3553(a), including any applicable guidelines or policy statements issued by the Sentencing Commission.

Section 5G1.3(b)(1) states:

> [T]he court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons.

state court action growing out of this same conduct." Moreover, if Looney gets convicted and sentenced in state court, we would expect the state court to give him credit for the time he served in state custody before the state sentence was imposed. Under the facts of this case, the Guidelines sensibly do not require the federal sentencing judge to credit him for time spent in state pretrial custody.

For the foregoing reasons, we affirm Looney's conviction and sentence. AFFIRMED.