# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-10864
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

versus

KIRK PATRICK KESHLER,

Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
No. 3:17-CR-494-1

Before SMITH, WIENER, and WILLETT, Circuit Judges.

PER CURIAM:[*]

Kirk Keshler appeals his conviction of transporting and shipping child pornography in violation of 18 U.S.C. § 2252A(a)(1).  In the factual basis for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-10864

his guilty plea, Keshler admitted that he "knowingly transported and shipped child pornography using a means and facility of interstate and foreign commerce, and in and affecting interstate and foreign commerce by any means, including by computer." He also admitted that he used a peer-to-peer file-sharing program and the Internet to send and transmit sexually explicit images containing minors.

Keshler asserts that the factual basis is insufficient under Federal Rule of Criminal Procedure 11 because he did not admit that the offense caused the images to travel across state lines. Relying on *Bond v. United States*, 572 U.S. 844 (2014), Keshler contends that a conviction in the absence of such proof impermissibly intrudes on the police power of the states.

We review Keshler's forfeited objection for plain error. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). To establish plain error, Keshler must show a forfeited error that is clear or obvious and affects his substantial rights. *See id.* If he makes such a showing, we have the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

We have rejected similar challenges. *See, e.g.*, *United States v. McCall*, 833 F.3d 560, 564−65 (5th Cir. 2016); *United States v. Looney*, 606 F. App'x 744, 746−47 (5th Cir. 2015). Given the current state of the law, as Keshler concedes, the finding that there was a sufficient factual basis for his guilty plea was not a clear or obvious error. *See Puckett*, 556 U.S. at 135. He raises the issue to preserve it for further review.

The judgment is AFFIRMED. The government's motions for summary affirmance and, alternatively, for an extension of time to file its brief, are DENIED.