# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20496

United States Court of Appeals
Fifth Circuit

**FILED**
January 10, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff - Appellee

v.

JOE CEPHUS ROSS,

> Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before OWEN, Chief Judge, and BARKSDALE and DUNCAN, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

At issue are Joe Cephus Ross' constitutional challenges to the district court's denying: Ross' motion to dismiss his being charged, in count one of his two-count indictment, with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) (count two charged possession of child pornography on a separate, subsequent date, in violation of 18 U.S.C. § 2252A(a)(5)(B)); and his similar objection to being sentenced, pursuant to Sentencing Guideline § 2G2.2, for receipt, as opposed to possession, of child pornography (higher base offense level for the former). AFFIRMED.

No. 18-20496

## I.

In March 2016, an undercover Homeland Security special agent identified an internet-protocol (IP) address was sharing, via a peer-to-peer-internet network, computer files with hash values (alphanumeric string of characters that identifies computer file's contents, *see United States v. Reddick*, 900 F.3d 636, 637 (5th Cir. 2018), *cert. denied*, 139 S. Ct. 1617 (2019)) known to belong to child-pornography videos and images. Further investigation revealed the IP address: was associated with the residence of Ross and his mother; and, from February to July 2016, shared child-pornography files with other internet users.

That August, members of a Houston, Texas, police taskforce executed a search warrant at the residence, seizing several computers and other devices. A subsequent forensic examination revealed these contained more than 17,000 images and 500 videos depicting child pornography, including victims appearing to be as young as four, as well as file-sharing programs. Ross admitted he collected child-pornography images and videos; explained how the file-sharing programs worked; and acknowledged he used them to distribute child pornography.

In a two-count indictment, Ross was charged, in count one, with receipt of child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B) and based on his operating the peer-to-peer-file-sharing program between February and July 2016; and, in count two, with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and pertaining to the images and videos discovered on the devices seized during the August 2016 search. Ross moved to dismiss the receipt count, claiming: because there is no meaningful distinction between a person's receiving child pornography and possessing it, § 2252A was unconstitutionally vague, in violation of the Fifth Amendment's Due-Process Clause, in allowing arbitrary prosecutorial charging decisions.

No. 18-20496

The motion was denied from the bench at the conclusion of an April 2018 hearing. Although the district judge doubted the constitutionality of the receipt statute, he reasoned the controlling law was "decidedly the contrary" to Ross' claim. Later that month, Ross pleaded guilty, unconditionally and without a plea agreement, to both charges.

For sentencing, and incorporating the same constitutional grounds as in his motion to dismiss, Ross objected to the presentence investigation report's (PSR) calculating his advisory Guidelines sentencing range pursuant to the above-described Guideline § 2G2.2. The objection was denied.

Regarding the PSR's recommending an advisory Guidelines sentencing range of 151–188 months' imprisonment, the court varied downward, however, sentencing Ross to, *inter alia*, 110 months' imprisonment on each count, concurrently, and deducting a further 23 months for time held in state custody. The sentence was to run concurrently with any imposed in a pending state criminal case charging Ross with possession of child pornography.

## II.

Except for the stated constitutional challenges, Ross does not challenge either his guilty-plea convictions or the sentence imposed, including not claiming a double-jeopardy violation. Ross preserved in district court his constitutional challenges (to the child-pornography statute, 18 U.S.C. § 2252A, and Guideline § 2G2.2); accordingly, our review is *de novo*. *E.g.*, *United States v. Jones*, 854 F.3d 737, 738 (5th Cir. 2017) (citation omitted) (constitutional challenge to statute as vague); *United States v. Preciado-Delacruz*, 801 F.3d 508, 511 (5th Cir. 2015) (citations omitted) (constitutional challenge to Guidelines' application). (Ross' unconditional guilty plea does not waive his being able on appeal to assert these constitutional challenges. *E.g.*, *Class v. United States*, 138 S. Ct. 798, 803 (2018).)

3

No. 18-20496

A.

Regarding the challenged statute, it is a federal crime to "knowingly receive[] or distribute[]" material containing child pornography. 18 U.S.C. § 2252A(a)(2)(B). This offense carries, as relevant in this instance, a term of imprisonment between five and 20 years. *Id.* § 2252A(b)(1). It is also a federal crime to "knowingly possess[]" child pornography. *Id.* § 2252A(a)(5)(B). This offense carries, by contrast and as relevant in this instance, a maximum sentence of ten years. *Id.* § 2252A(b)(2). (Possession carries stiffer sentences in certain circumstances, *see id.*, but these were not charged in this instance.)

Ross does not contend § 2252A fails to provide fair notice of the proscribed conduct. He instead claims § 2252A is unconstitutionally vague, in violation of the Fifth Amendment's Due-Process Clause, because: possession and receipt of child pornography are logically inseparable; both § 2252A's legislative history and Sentencing Commission materials recognize their inseparability; prosecutors may arbitrarily decide to charge defendants, for indistinguishable conduct, under the more-severely-punished receipt offense instead of the less-severely-punished possession offense; and such prosecutorial control over the ultimate sentence violates the separation of powers. Each claim fails.

"The prohibition of vagueness in criminal statutes . . . is an essential of [Fifth Amendment] due process . . .". *Sessions v. Dimaya*, 138 S. Ct. 1204, 1212 (2018) (internal quotation marks and citation omitted). Along that line, the vagueness doctrine requires statutes "define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited [—as noted, Ross does not challenge the statute in this regard—] and in a manner that does not encourage arbitrary and discriminatory enforcement". *Kolender v. Lawson*, 461 U.S. 352, 357 (1983) (citations omitted). "[T]he doctrine focuses both on actual notice to citizens and arbitrary enforcement"; its "more important aspect . . . is not actual notice", however, but

4

"the requirement that a legislature establish minimal guidelines to govern law enforcement". *Id.* at 357–58 (internal quotation marks and citation omitted). It "guards against arbitrary or discriminatory law enforcement by insisting that a statute provide standards to govern the actions of police officers, prosecutors, juries, and judges". *Dimaya*, 138 S. Ct. at 1212 (citing *Kolender*, 461 U.S. at 357–58). And, it applies "not only to statutes defining elements of crimes, but also to statutes fixing sentences". *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (citation omitted). (Ross' asserted separation-of-powers violation is not separate from his vagueness challenge because the vagueness doctrine "is a corollary of the separation of powers—requiring that Congress, rather than the executive or judicial branch, define what conduct is sanctionable and what is not". *Dimaya*, 138 S. Ct. at 1212 (citation omitted).)

Ross' claim that possession and receipt are logically inseparable conduct, and that, as a result, § 2252A's criminalizing both invites unconstitutionally arbitrary enforcement, is incorrect. As the other circuits to consider the issue have concluded, the offenses are different in at least one regard: "a person who produces child pornography has not received it". *United States v. Dunning*, 857 F.3d 342, 349 (6th Cir. 2017); *accord United States v. Burrows*, 905 F.3d 1061, 1065 (7th Cir. 2018).

Conviction of receipt, moreover, requires proof of an element—defendant *knowingly* received child pornography—that conviction of possession does not. *See* 18 U.S.C. § 2252A(a). This distinction reveals another way in which the offenses differ. As Ross conceded at oral argument in our court: a person could receive computer files without contemporaneously knowing they contained child pornography; and, if that person subsequently discovered they contained such material, he would knowingly possess child pornography, without having knowingly received it. (In the light of these distinctions, to the extent Ross contends § 2252A violates the Fifth Amendment's Due-Process Clause because

of a claimed lack of a rational basis for its distinguishing between possession and receipt offenses, that contention also fails. *See United States v. Olander*, 572 F.3d 764, 769–70 (9th Cir. 2009) (discussing how Congress could have decided to proscribe and punish receipt separately from possession in order "to deter those who receive child pornography from others and who thereby create demand and drive the market for child pornography").)

Along those lines, it goes without saying that prosecutors routinely decide to charge defendants with certain offenses, instead of others, based on the evidence available to meet the requisite elements. This is particularly relevant for receipt of child pornography. It can be difficult to prove the requisite knowing-receipt because this requires intricate—and sometimes impossible—tracing and analysis of computer files unless, as in this instance, the Government happened to be operating undercover on the same peer-to-peer, internet-file-sharing network as defendant. Such decisions, flowing from the available evidence, are anything but arbitrary.

Ross contends this is not the factual scenario in this instance because his conduct underlying the receipt count constituted both receipt and possession. "[B]ut [such overlap] is unremarkable and has no bearing on whether the statute is unconstitutionally vague". *United States v. Watzman*, 486 F.3d 1004, 1010 (7th Cir. 2007) (citation omitted). "[W]hen an act violates more than one criminal statute, the Government may prosecute under either so long as it does not discriminate against any class of defendants". *United States v. Batchelder*, 442 U.S. 114, 123–24 & 125 n.9 (1979) (citations omitted) (noting prosecutor's decision to charge more serious offense violates equal protection if motivated by, *e.g.*, racial discrimination).

Ross attempts to distinguish *Batchelder*, but its reasoning further demonstrates why the receipt statute is not unconstitutionally vague. *Batchelder* concerned two statutes, 18 U.S.C. §§ 922(h) and 1202(a), both

No. 18-20496

criminalizing convicted felons' receiving firearms; and the statutes' "substantive elements" were "identical" as applied to defendant. *Id.* at 116–17. A conviction under § 922(h) was punished according to § 924(a), providing a maximum $5,000 fine and/or a maximum five years' imprisonment. *Id.* at 116 nn.2–3. Section 1202(a), by contrast, provided a maximum $10,000 fine and/or a maximum two years' imprisonment. *Id.* at 117 n.4. Conviction and sentencing under § 922(h), providing the longer term of imprisonment, was challenged as unconstitutionally vague. *See id.* at 122–23.

The Supreme Court held conviction and sentencing under § 922(h) constitutional. *Id.* at 123. "[T]here is no appreciable difference between the discretion a prosecutor exercises when deciding whether to charge under one of two statutes with different elements and the discretion he exercises when choosing one of two statutes with identical elements". *Id.* at 125. "[O]nce [the prosecutor] determines that the proof will support conviction under either statute", prosecutorial discretion permits his choosing either. *See id.*

*Batchelder* did not rest, as Ross claims, on the statutes' somehow expanding judicial-sentencing discretion. Nor, as he also contends, did it concern only the vagueness doctrine's fair-notice component. *Compare id.* at 124–25 (dismissing claim statutes allowed "unfettered" discretion), *with Johnson*, 135 S. Ct. at 2556 (recognizing as unconstitutionally vague statute "so standardless that it invites arbitrary enforcement").

*Batchelder* also rejected the claim "the statutes might impermissibly delegate to the Executive Branch the Legislature's responsibility to fix criminal penalties". *Batchelder*, 442 U.S. at 125–26 (citations omitted). The statutes "plainly demarcate[d] the range of penalties that prosecutors and judges m[ight] seek and impose", *id.* at 126, as does § 2252A. *Batchelder* further rejected a prior dissenting opinion Ross cites approvingly in describing his vagueness claim. *See id.* at 124 (citing *Berra v. United States*, 351 U.S. 131, 139–40 (1956) (Black, J., dissenting)).

7

As stated, and unlike the statutes at issue in *Batchelder*, the receipt and possession offenses in § 2252A have different elements. There is no "appreciable difference between the discretion a prosecutor exercises" in choosing whether to charge defendant with receipt, possession, or both, and the decision to charge defendant with, *e.g.*, one of many possible homicide offenses. *See id.* at 125. Once a prosecutor determines the evidence supports both offenses' elements, he has discretion to charge defendant with either (or both), subject to the constraint that his choice not be the product of discriminatory animus. *Id.* at 125 n.9. (Other circuits have held convictions for both based on the same underlying conduct violates the Fifth Amendment's Double-Jeopardy Clause. *See, e.g., United States v. Ehle*, 640 F.3d 689, 698 (6th Cir. 2011); *United States v. Miller*, 527 F.3d 54, 72 (3d Cir. 2008); *United States v. Davenport*, 519 F.3d 940, 947 (9th Cir. 2008). As stated, this issue is not raised in this appeal.)

Regarding Ross' claim that any distinction between receipt and possession is theoretical and does not empirically demonstrate that production of child pornography plays any role in the application of § 2252A(a)(2) and (a)(5), such an analysis implicates whether a provision is narrowly tailored, not whether it is unconstitutionally vague. *See, e.g., Fisher v. Univ. of Tex. at Austin*, 758 F.3d 633, 643–44 (5th Cir. 2014) (citation omitted) (requiring governmental entity to prove program narrowly tailored to goal). Nor has Ross asserted the Government unconstitutionally discriminated against him, *see Batchelder*, 442 U.S. at 125 n.9, which statistical analyses of charging decisions could demonstrate. And, needless to say, to the extent Ross submits it would be better policy to equalize punishment between receipt and possession of child pornography, the Constitution entrusts that determination to Congress, not the courts.

B.

In the alternative, Ross challenges as unconstitutional Guideline § 2G2.2's providing different base offense levels for receipt and possession, contending the Guideline: violates the separation-of-powers doctrine; and invites arbitrary

No. 18-20496

enforcement and application, in violation of the Fifth Amendment's Due-Process Clause. As discussed *supra*, this preserved challenge to the Guideline is reviewed *de novo*.

Pursuant to Guideline § 2G2.2, conviction of possession corresponds to a base offense level of 18, while conviction of receipt carries a level of 22. *See* U.S.S.G. § 2G2.2(a). As do the parties, we recognize that, because Ross' challenge to the Guideline relies on the claimed lack of rational difference between the receipt and possession offenses, it substantially overlaps with his challenge to § 2252A. To the extent it is a separate claim, it also is unavailing.

Moreover, as Ross concedes, the advisory Guidelines are not amenable to a vagueness challenge. *Beckles v. United States*, 137 S. Ct. 886, 894 (2017). And, as discussed *supra*, because the vagueness doctrine is a "corollary of the separation of powers", *Dimaya*, 138 S. Ct. at 1212, Ross' claim Guideline § 2G2.2 violates the separation of powers is similarly foreclosed.

Concerning Ross' Fifth Amendment due-process challenge on grounds other than his foreclosed vagueness claim, "[a] guideline violates due process only if it has no rational basis or is subject to arbitrary application". *United States v. Bacon*, 646 F.3d 218, 221–22 (5th Cir. 2011) (citations omitted). Such rational-basis review is satisfied where the challenged Guideline is rationally related to a conceivable, legitimate objective. *See United States v. Galloway*, 951 F.2d 64, 65–66 (5th Cir. 1992) (citations omitted) (applying rational-basis review to due-process and equal-protection challenges to Guidelines). As stated, a rational basis for Congress' deciding to punish receipt more severely than possession could have been to deter demand for child pornography. *See Olander*, 572 F.3d at 769–70.

That a prosecutor may choose to charge a defendant with receipt instead of possession may be unpredictable, as Ross contends; this, however, is a necessary consequence of prosecutorial discretion. Such decisions affect the base offense level assessed defendants, of course; but, this alone does not cause a constitutional violation. *See Batchelder*, 442 U.S. at 125 (citations omitted) ("The prosecutor

may be influenced [in his charging decision] by the penalties available upon conviction, but this fact, standing alone, does not give rise to a violation of the . . . Due Process Clause.").

Nor do the differing base offense levels allow, as Ross claims, prosecutorial selection of the ultimate sentence. Pursuant to *United States v. Booker*, 543 U.S. 220, 245 (2005), which rendered the Guidelines advisory, the district court determines that sentence. *E.g.*, *Beckles*, 137 S. Ct. at 894. "The court relie[s] on the [Guidelines] merely for advice in exercising its discretion to choose a sentence within [the] statutory limits." *Id.* at 895.

The court's downward variance in this instance demonstrates the distinction between the advisory Guidelines sentencing range and the sentence imposed. The Guidelines sentencing range Ross complains was arbitrarily assigned him (because he was charged with receipt in count one) did not bind the court, which exercised its discretion to vary from the Guidelines and impose a significantly lower sentence. This advisory character is precisely why the Guidelines "are not amenable to a vagueness challenge". *See id.* at 894.

III.

For the foregoing reasons, the judgment is AFFIRMED.