# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 1, 2021

Lyle W. Cayce
Clerk

No. 19-41042

United States of America,

*Plaintiff—Appellee*,

*versus*

John David Knowlton,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
No. 3:18-CR-24-1

Before Elrod, Willett, and Engelhardt, *Circuit Judges*.

Jennifer Walker Elrod, *Circuit Judge*:

John David Knowlton possessed 3,469 images and 249 videos of child pornography on various devices in his house. He was convicted of one count of possession of child pornography and one count of receiving material containing child pornography. He now appeals his conviction on the receipt count. He argues that he received computer files of child pornography, not "material that contains child pornography" as required by the statute. We AFFIRM.

I.

At the time of his arrest, Knowlton was fifty-three years old, and he lived in Pearland, Texas with his wife, his son and daughter-in-law, and his three small grandchildren. Law enforcement officers obtained a warrant to search Knowlton's home after discovering that two videos of child pornography had been downloaded to an IP address associated with Knowlton's home address. The officers found 3,469 unique images and 249 unique videos of child pornography on eighteen different devices belonging to Knowlton.

Knowlton's hoard of child pornography included 363 images of infants and toddlers, 26 images of sadomasochism or violence, and at least two videos of identified victims of child abuse. Those last two videos showed children whom the National Center for Missing and Exploited Children had previously identified as victims of sexual abuse. Both videos showed the children being sexually abused by adult men. The longest video in Knowlton's possession was two hours and 52 minutes long.

Knowlton downloaded files containing these pictures and videos from a peer-to-peer file sharing network. Peer-to-peer networks allow users to access and download files from shared folders on other users' computers. These networks require a user to type in a search term to find files relating to that term. An officer in this case testified that there are certain terms frequently used in file names to signal to users that the file contains child pornography. The files downloaded to Knowlton's devices were named with terms indicating child pornography, including: "PTHC" (an abbreviation for "pre-teen hardcore"), "teen," "pedo," "pedophile," "Lolita," "child erotica," and other more explicit terms.

During the search of his home, officers interviewed Knowlton after informing him of his rights under *Miranda v. Arizona*, 384 U.S. 436 (1966).

No. 19-41042

While Knowlton admitted downloading and viewing child pornography, he told officers that they would find "[m]aybe five, four or five" videos and "not that many" pictures. He also told officers that he used a cleaning software to remove data from his computer. At one point he told the interviewing officer "you know, I don't really see where it's against the law to have it. . . . Because it's—it's available to anybody out there. If you can look for it, you can find anything you want."

Knowlton was arrested, and a grand jury indicted him on two counts: (1) receipt of material containing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(B); and (2) possession of material containing an image of child pornography in violation of § 2252A(a)(5)(B). Knowlton requested a bench trial, and he pleaded not guilty to both counts. At the close of the government's case in chief, Knowlton moved for judgment of acquittal under Federal Rule of Criminal Procedure 29.

The district court returned a verdict of guilty on both the receipt count and the possession count. The district court sentenced Knowlton to 144 months' imprisonment for the receipt offense and 120 months' imprisonment for the possession offense, running concurrently. The district court also imposed fifteen years of supervised release for each offense, running concurrently. Knowlton appealed his conviction for the receipt offense.

## II.

When a criminal defendant appeals a verdict in a bench trial on sufficiency-of-the-evidence grounds, we focus our review on the question "whether the finding of guilt is supported by substantial evidence, *i.e.*, evidence sufficient to justify the trial judge, as the trier of fact, in concluding beyond a reasonable doubt that the defendant is guilty." *United States v. Tovar*, 719 F.3d 376, 388 (5th Cir. 2013) (quoting *United States v. Esparza*,

No. 19-41042

678 F.3d 389, 392 (5th Cir. 2012)); *see also United States v. Anderson*, 932 F.3d 344, 348 (5th Cir. 2019).  We "view all evidence in the light most favorable to the government and defer to all reasonable inferences drawn by the trial court." *Tovar*, 719 F.3d at 388 (quoting *United States v. Turner*, 319 F.3d 716, 720–21 (5th Cir. 2003)).

Typically, we review legal questions of statutory interpretation *de novo*.  *United States v. Washington*, 764 F.3d 491, 496 (5th Cir. 2014); *United States v. Treft*, 447 F.3d 421, 424 (5th Cir. 2006).  However, when the appellant raises an entirely new legal argument for the first time on appeal, we review for plain error.  *Treft*, 447 F.3d at 424.  To establish plain error, an appellant must show: (1) error; (2) that is plain, *i.e.*, clear or obvious; (3) that affects his substantial rights; and (4) that "seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings."  *Puckett v. United States*, 556 U.S. 129, 135 (2009) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)); *see also United States v. Cooper*, 979 F.3d 1084, 1090 (5th Cir. 2020), *cert. denied*, No. 20-7122 (Mar. 22, 2021).

### III.

On appeal, Knowlton asks us to vacate his conviction for the receipt offense for either of two reasons.  First, Knowlton argues that the computer files he downloaded are themselves child pornography punishable under § 2252A(a)(2)(A), and so he cannot be found guilty of receiving "material that contains child pornography" under § 2252A(a)(2)(B).  Second, Knowlton contends that the dates of child-pornography downloads proven at trial materially vary from the dates alleged in his indictment.  Neither argument has merit.

### A.

The government contends that plain error review is required on Knowlton's first argument.  We need not address the proper standard of

review for that argument because it fails even under the stricter *de novo* standard. *See United States v. Kieffer*, No. 19-30225, 2021 WL 1050167, at *3 (5th Cir. Mar. 19, 2021). Although Knowlton asserts that the only "material" in his possession were the flash drives and internal and external hard drives where he saved the computer files he received, the computer files themselves are plainly material containing child pornography.

Section 2252A takes its definition of "child pornography" from § 2256(8). 18 U.S.C. § 2256(8) (defining terms for the chapter in which § 2252A appears). Under that definition, child pornography is "any visual depiction, including any . . . video, picture, or computer or computer-generated image or picture . . . where . . . the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." *Id.* The term "visual depiction" includes "data stored on computer disk or by electronic means which is capable of conversion into a visual image." *Id.* § 2256(5). The 3,469 digital images and 249 digital videos found on Knowlton's devices are clearly child pornography under these two definitions.

The files containing those 3,469 digital images and 249 digital videos are material containing child pornography. The statute does not define the phrase "material that contains child pornography," and so it must be read according to the "ordinary meaning" of the words. *United States v. Lauderdale Cnty.*, 914 F.3d 960, 964 (5th Cir. 2019) (quoting *Schindler Elevator Corp. v. United States ex rel. Kirk*, 563 U.S. 401, 407 (2011)). In Knowlton's view, the phrase should be construed to address only tangible units of storage like books, magazines, boxes, and computer disks.

The text of § 2252(a)(2)(B), however, does not support such a limitation. A computer file is "material" because it—as "the basic unit of storage"—can be "a medium containing images of child pornography."

*United States v. Woerner*, 709 F.3d 527, 540 (5th Cir. 2013); *File*, *Microsoft Computer Dictionary* 211 (5th ed. 2002).   Knowlton's computer files "contain" child pornography because the computer files comprise the data within them. *See Contain*, *The American Heritage Dictionary Second College Edition* 315 (1982) (defining "contain" to mean "1. To have within; enclose. 2. To have as component parts; comprise; include."). Receipt of pornographic computer files is properly chargeable as receipt of material containing child pornography under § 2252A(a)(2)(B).

As the government notes, this conclusion comports with the cases in this circuit and our sister circuits upholding convictions for receipt or distribution of material containing child pornography when the alleged "material" was computer files. *E.g.*, *United States v. Ross*, 948 F.3d 243, 245 (5th Cir.), *cert. denied*, 141 S. Ct. 305 (2020); *United States v. Barton*, 879 F.3d 595, 596 (5th Cir. 2018); *United States v. Roetcisoender*, 792 F.3d 547, 549–50 (5th Cir. 2015) (involving facts remarkably similar to this case); *United States v. Winkler*, 639 F.3d 692, 699 (5th Cir. 2011); *United States v. Irving*, 452 F.3d 110, 120–22 (2d Cir. 2006); *United States v. MacEwan*, 445 F.3d 237, 240–41 (3d Cir. 2006); *United States v. Stout*, 509 F.3d 796, 797–98 (6th Cir. 2007); *United States v. Sturm*, 673 F.3d 1274, 1277 (10th Cir. 2012); *United States v. Bobb*, 577 F.3d 1366, 1369–70, 1375 (11th Cir. 2009).

## B.

Knowlton's second argument fails on *de novo* review.  According to Knowlton, the evidence at trial permitted the judge to conclude only that five files contained child pornography, and the dates of receipt proven for those files materially vary from the dates alleged in the indictment.  We disagree on both points.

As an initial matter, the evidence at trial indicated that far more than five files contained child pornography.  The 3,469 image files and 249 video

files were named with sexually explicit conventions indicating child pornography. The district court itself viewed two videos from files bearing similar sexually explicit names. Further, an officer testified at trial that he personally viewed all 3,469 images and 249 videos to confirm they contained child pornography. The district court "was free to conclude, based on all the circumstances, that" there were many more than just five files of child pornography. *Winkler*, 639 F.3d at 700.

But even if there were only five files, the dates of receipt Knowlton points to for those files do not materially vary from the dates alleged in the indictment. When the evidence at trial varies from the facts alleged in an indictment, the question is whether the defendant was fairly put on notice to defend himself. *See United States v. Smith*, 523 F.2d 771, 778 (5th Cir. 1975). "[A] variance between allegations and proof is fatal only when it affects the substantial rights of the defendant by failing to sufficiently notify him so that he can prepare his defense and will not be surprised at trial." *United States v. Reed*, 908 F.3d 102, 122 (5th Cir. 2018) (quoting *United States v. Girod*, 646 F.3d 304, 317 (5th Cir. 2011)). If an indictment uses the term "on or about" to allege a date, the government is "not required to prove the exact date; it suffices if a date reasonably near is established."[1] *United States v. Valdez*, 453 F.3d 252, 260 (5th Cir. 2006) (quoting *United States v. Grapp*, 653 F.2d 189, 195 (5th Cir. Unit A Aug. 1981)).

---

[1] Knowlton incorrectly relies on *United States v. Perry*, which is simply not relevant to this case. 638 F.2d 862 (Fifth Cir. Unit A. Mar. 1981). *Perry* did not involve a material variance from a date alleged in an indictment. Rather, in *Perry* the government impermissibly attempted to prove the value of goods trafficked in a particular shipment by counting the value of different goods trafficked in different shipments and not referred to in the indictment. *Id.* at 871; *see also* 18 U.S.C. § 2311 (defining "value" to include "the aggregate value of all goods . . . referred to in a single indictment").

The indictment alleged that Knowlton received material containing child pornography "[f]rom on or about February 6, 2016, through on or about March 8, 2016." The "on or about" language let Knowlton know that the timeframe for the allegations was approximate. Knowlton concedes that the government proved date of receipt for at least two of the five files: January 13, 2016 and November 29, 2015.

That is a variance of at most two and a half months. We have previously found that temporal variances of up to twelve months were not material. *See Girod*, 646 F.3d at 316 (affirming a conviction with a four-month variance); *United States v. Wilson*, 116 F.3d 1066, 1089 (5th Cir. 1997) (affirming a conviction with a five-month variance), *vacated on other grounds sub nom. by United States v. Brown*, 161 F.3d 256 (5th Cir. 1998) (*en banc*); *United States v. Bowman*, 783 F.2d 1192, 1197 (5th Cir. 1986) (affirming a conviction with a three-month variance); *Russell v. United States*, 429 F.2d 237, 238 (5th Cir. 1970) (affirming a conviction with a twelve-month variance). The two-and-a-half-month variance was well within the timeframe that Knowlton could expect to encounter at trial given the "on or about" language in the indictment.

\*    \*    \*

Because Knowlton's computer files are "material that contain[] child pornography," and because the proof at trial did not materially vary from the allegations in the indictment, the judgment of the district court is AFFIRMED. We REMAND for the district court to correct a clerical error in the judgment, which mistakenly indicated that Knowlton pleaded guilty instead of being found guilty after a bench trial. *See* Fed. R. Crim. P. 36; *Cooper*, 979 F.3d at 1092.