# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 4, 2023

Lyle W. Cayce
Clerk

No. 22-11146

─────────────

SEALED APPELLEE,

*Plaintiff—Appellee,*

*versus*

SEALED APPELLANT,

*Defendant—Appellant.*

─────────────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:20-CV-1344

─────────────────────────────────────

Before CLEMENT, HAYNES, and OLDHAM, *Circuit Judges.*

EDITH BROWN CLEMENT:

Appellant contends that the district court lacked statutory authority to order her indefinite civil commitment pursuant to 18 U.S.C. § 4246. Because Appellant was committed to the custody of the Attorney General under 18 U.S.C. § 4241(d) when the government's § 4246 petition was filed, we AFFIRM.

## I.

Appellant suffers from bipolar schizoaffective disorder, a mental condition which, among other symptoms, can cause persecutory delusions.

Appellant's delusions led her to believe that the federal government—specifically, former President Barack Obama—was conspiring with hip-hop mogul Jay-Z and other members of the music industry to harm Appellant and her family. To send a message to these government conspirators, on the morning of August 30, 2019, Appellant threw a Molotov cocktail into the lobby of the U.S. Citizenship and Immigration Services field office in Oakland Park, Florida.

## A.

Appellant was indicted in the Southern District of Florida, and the parties jointly requested an evaluation of whether she was competent to stand trial. On December 20, 2019, the court determined, based on medical evaluation, that Appellant was "presently not competent to stand trial" and therefore ordered her committed to the custody of the Attorney General for hospitalization and treatment pursuant to 18 U.S.C. § 4241(d).

That statute requires a court to commit a mentally incompetent criminal defendant to the custody of the Attorney General for hospitalization and treatment:

> (1) for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward; and

> (2) for an additional reasonable period of time until—

>> (A) his mental condition is so improved that trial may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the proceedings to go forward; or

(B) the pending charges against him are disposed of according to law;

whichever is earlier.

18 U.S.C. § 4241(d).

In accordance with the terms of § 4241(d)(1), the district court's commitment order stated that Appellant would "be examined and treated for a reasonable time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit [the criminal] proceedings to go forward." Following treatment, Appellant's psychologist determined that a second period of hospitalization and treatment would likely restore Appellant to competency. So, on May 8, 2020, the court entered a second commitment order, again explaining, in accordance with the statutory text, that Appellant would "be examined and treated for a reasonable time, not to exceed four months, to determine whether there is a substantial probability that in the foreseeable future she will attain the capacity to permit [the criminal] proceedings to go forward."

On September 4, 2020—four days before the examination-and-treatment period of the court's second commitment order was set to expire—Appellant's psychologist submitted another evaluation which concluded that Appellant was still not competent to stand trial and that "there [was] no substantial likelihood that [she could] be restored to competency within a reasonable time." The court promptly convened a conference with the parties on September 17, during which they discussed the likelihood that Appellant would be found unrestorable to competency and how to handle next steps in the case, including potential indefinite civil commitment based on dangerousness under 18 U.S.C. § 4246. The parties agreed that the court could not order a dangerousness evaluation without first

making a final determination that the Appellant was incompetent and that restoration was unlikely. So, the court held a final evidentiary hearing on the issue of Appellant's competency and, on November 3, 2020, found that she was incompetent and unlikely to be restored to competency within a reasonable time and ordered a dangerousness evaluation for purposes of confinement under § 4246. The order required that the dangerousness evaluation be completed, and any civil-commitment proceedings commenced, within 45 days.

B.

On December 17, 2020, the government filed a dangerousness certification in the Northern District of Texas along with a petition that Appellant be civilly committed pursuant to § 4246.[1] The petition was referred to a magistrate judge, who appointed counsel for Appellant and scheduled a dangerousness hearing. During the hearing, Appellant's counsel objected to the petition on the basis that Appellant had been unlawfully detained during the two-month period between September 8, 2020—when the four-month examination-and-treatment period of the Florida court's second commitment order expired—and November 3, 2020—when that court entered its final competency order. Following briefing from the parties concerning Appellant's objection, the magistrate judge overruled the objection and granted the government's petition for civil commitment under § 4246.

Appellant appealed, and we vacated and remanded on the basis that the magistrate judge had not been authorized by the district court to issue a

---

[1] Civil-commitment proceedings must be initiated in "the court for the district in which the person is confined." 18 U.S.C. § 4246(a). Because Appellant was confined at a Federal Medical Center in Tarrant, Texas, the civil-commitment proceedings were conducted in the Northern District of Texas.

dispositive order. *Sealed Appellee v. Sealed Appellant*, No. 21-10427, 2022 WL 597249 (5th Cir. Feb. 28, 2022) (per curiam). On remand, the district court construed the magistrate judge's order as a report and recommendation and, after further briefing from the parties, adopted it. On November 1, 2022, the district court ordered Appellant civilly committed pursuant to § 4246. This appeal ensued.

## II.

We review the presented question of statutory construction *de novo*. *See Sealed Appellee 1 v. Sealed Appellant 1*, 767 F.3d 418, 421 (5th Cir. 2013).[2]

## III.

## A.

18 U.S.C. § 4246 authorizes indefinite-commitment proceedings against a person "who has been committed to the custody of the Attorney General pursuant to section 4241(d)."[3] Appellant contends that, as of September 8, 2020—when the second commitment order's four-month examination-and-treatment period expired—she was no longer "committed

---

[2] The government contends that Appellant waived the claim she presents on appeal by agreeing to the timeline of events in the Florida court. But waiver requires an "*intentional* relinquishment or abandonment of a *known* right." *United States v. Olano*, 507 U.S. 725, 733 (1993) (emphases added) (citation omitted). And we see no evidence that Appellant's criminal counsel either "knew of" the potential § 4241(d) timing issue or "consciously chose to forego it." *See United States v. Arviso-Mata*, 442 F.3d 382, 384 (5th Cir. 2006). Rather, it appears that Appellant's criminal counsel entirely overlooked the potential legal ramifications of the timeline that they agreed to, which renders Appellant's claims, at most, forfeited and thus subject to plain-error review. *Id.*; *see also Sneed v. Austin Indep. Sch. Dist.*, 50 F.4th 483, 490 (5th Cir. 2022). Because we find that Appellant's claim fails even under the stricter *de novo* standard, we need not definitively address the forfeiture issue and its potential effect on the standard of review. *See United States v. Knowlton*, 993 F.3d 354, 357 (5th Cir. 2021).

[3] The statute also applies to two other classes of individuals, but the parties agree that Appellant does not fall into either one of those other classes.

to the custody of the Attorney General pursuant to section 4241(d)" and therefore was not subject to indefinite commitment under § 4246 when the government filed its petition in December 2020.

Our inquiry into whether Appellant was still "committed to the custody of the Attorney General pursuant to section 4241(d)" on December 17, 2020 begins and ends with the unambiguous language of the statutory text. *See BedRoc Ltd. v. United States*, 541 U.S. 176, 183 (2004). Section 4241(d) sets forth two time-periods during which a criminal defendant is committed to the custody of the Attorney General. First, under subsection (d)(1), the individual may be committed for up to four months "to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." Then, under subsection (d)(2), the individual *remains* committed "for an additional reasonable period of time" until either "(A) his mental condition is so improved that trial may proceed," or "(B) the pending charges against him are disposed of according to law," whichever is earlier. Thus, under the plain language of the statute, even after the four-month period set forth in subsection (d)(1) expired, Appellant remained "committed" under subsection (d)(2) until one of three triggering events occurred: (A) she was rendered competent to stand trial, (B) her criminal charges were disposed of, or (C) the duration of her commitment became unreasonable. No such triggering event occurred.

First, Appellant was never rendered competent to stand trial. To be sure, there were initially hopeful signs that the treatment for her mental condition would prove effective. In fact, on April 23, 2020, her treating psychologist told the court that there was "a substantial likelihood that she could be restored to competency" with further treatment. But that additional treatment was unfortunately unsuccessful, and on September 4, 2020, the treating psychologist informed the court that his professional opinion had

changed and there was "no substantial likelihood that [Appellant could] be restored to competency within a reasonable period of time."

Second, Appellant's criminal charges were still pending when the dangerousness certificate was filed on December 17, 2020. And third, Appellant does not argue that her three months of additional confinement between September and December 2020 was of unreasonable duration.[4] Accordingly, Appellant remained in the custody of the Attorney General pursuant to § 4241(d) on December 17, 2020, and was therefore properly subject to indefinite-civil-commitment proceedings under § 4246.

## B.

Despite presenting this case as a "question of statutory interpretation" in her opening brief, Appellant claims in her reply brief that, actually, the language of the statute "is beside the point." Instead, says Appellant, the second commitment order "set a four-month limit on the second period of hospitalization" irrespective of the statutory limits. We disagree.

The district court's May 8, 2020 order says nothing about limiting the total duration of Appellant's second hospitalization to four months. Rather, it simply reiterates—nearly verbatim—the four-month limitation on the duration of the initial examination-and-treatment period under § 4241(d)(1). True, the second order—unlike the first—references § 4241(d)(2)(A). But that reference merely sets forth a basis for the court's commitment order.

---

[4] Appellant has therefore forfeited any such unreasonableness argument twice-over: *first* by agreeing, without objection, to the district court's proposed timeline for her competency hearing, *see United States v. Curbow*, 16 F.4th 92, 115 (4th Cir. 2021), and *second* by failing to raise the issue on appeal, *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021).

Remember, at this point, Appellant's psychologist believed that Appellant could potentially be restored to competency with further treatment. And subsection (d)(2)(A) permits additional hospitalization for such treatment only "if the court finds that there is a substantial probability that within such additional period of time [the individual] will attain the capacity to permit the proceedings to go forward." The court's mention of that provision was simply in recognition of this statutory authorization and requirement. Notably, the entirety of the order was focused on the hope that Appellant would be restored to competency. There was no consideration of what would happen if Appellant could not be restored to competency. So, when that came to pass, subsection (d)(2)(B) came into play. *See United States v. Magassouba*, 544 F.3d 387, 406 n.9 (2d Cir. 2008) ("Section 4241(d)(2)(B) . . . permit[s] additional custodial hospitalization of incompetent defendants who are not expected to regain competency until the criminal charges against them are dismissed in favor of civil commitment proceedings.").

That the district court did not intend to set a "hard limit" on the duration of Appellant's second commitment is evident in the subsequent proceedings before that very court. Surely, if the Appellant's continued hospitalization was in violation of the district court's order, the judge would have said something about it. So, too, would have Appellant's criminal counsel. But when the four-month period came and went, the judge and counsel—operating with full knowledge that Appellant remained institutionalized—simply held a status conference and scheduled a final competency hearing for November with nary a word to suggest that anyone believed Appellant's continued confinement to be in violation of the court's commitment order.

## IV.

Because Appellant's continued hospitalization complied with the plain language of 18 U.S.C. § 4241(d) and the district court's orders,

Appellant remained "committed to the custody of the Attorney General" on December 17, 2020, and was therefore properly subject to indefinite-civil-commitment proceedings under 18 U.S.C. § 4246.

AFFIRMED.